Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 1471 | **DATE** | 3/15/2000 |
| **CASE TITLE** | Marie O. et al vs. Edgar et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court denies Plaintiffs' motion (Doc 136-1) to enforce a final order and judgment, and hereby terminates the Court's supervision in this matter. All other pending motions are moot. Status hearing and ruling set for March 22, 2000 are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 1 6 2000 | |
| | Notified counsel by telephone. | | date docketed | 153 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIE O., GABRIEL C., KYLE G., and JOANNA B., by their parents and on behalf of all other similarly situated individuals, | ) ) ) ) ) ) | DOCKETED MAR 1 6 2000 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | 94 C 1471 |
| JIM EDGAR, GOVERNOR, and JOSEPH SPAGNOLO, State Superintendent of Education, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiffs' motion to enforce a final order and judgment. For the reasons set forth below, the Court denies Plaintiffs' motion and terminates the Court's supervision in this matter.

## BACKGROUND

In February 1996, this Court entered an injunction (the "Order") against the State of Illinois (the "State"), directing it to stop violating Part C (formerly Part H) of the Individuals with Disabilities Act, 20 U.S.C. §1471, et seq. ("IDEA"), and

153

take corrective action. See Marie O. v. Edgar, No. 94 C 1471, 1996 WL 48515 (N.D. Ill. Feb. 2, 1996). Plaintiffs, who represent a class of infants and toddlers who are eligible for benefits under Part C of the IDEA, bring this action to seek enforcement of the Order, arguing that the State is violating this Court's Order by not complying with the mandates of Part C with respect to specialized services.

Part C establishes a federal program by which federal funds are granted to states developing and implementing coordinated systems for the provision of early intervention services to developmentally-delayed infants and toddlers. In order for a state to receive federal funds, Part C requires states to establish a comprehensive early intervention system to assist children with disabilities from birth through age two. See 20 U.S.C. §1471. Part C provides specific guidelines setting out the parameters of the statewide system, including certain types of services the system must provide. See 20 U.S.C. §1472.

This Court issued its Order in 1996 because the State did not have a system that was adequately meeting the goals of Part C of the IDEA. Since then, the State has made significant strides. Nevertheless, Plaintiffs argue that the State is failing to comply with the Part C requirements by allegedly maintaining a policy of denying "specialized services" to infants and toddlers enrolled in Part C services.

## DISCUSSION

At this point, the Court's monitoring of the State's efforts to comply with Part C has continued one year past the contemplated span of monitoring. Since the issuance of the Court's Order and the initiation of the Court's oversight, the Court has observed substantial improvement in the State's compliance with Part C. There exists now one responsible state agency, clear lines of communications, and systems adopted to effectuate the Order. The State has provided those in need of assistance with an ability to so request it and has publicized methods of public access to Part C. Indeed, the systems that have been put in place afford a reasonable basis to gather and use reliable statistics.

The present Court monitoring system has been helpful to the Court, but recent experience on the part of the court-appointed monitor to mediate issues raised by Plaintiffs' counsel and the State has become unproductive. Disputes often reduce to individual cases and topics, and it was never the oversight function to tell the state how to act in particular cases or have the monitor act as some sort of extra-legal administrative law judge. Plaintiffs' present motion to enforce the Order exemplifies this.

Plaintiffs claim that the State is not in compliance with Part C because the State allegedly maintains a blanket policy of denying infants and toddlers certain "specialized services"–services outside those offered by the practitioners enrolled in the State's program. Although the State has no explicit policy with respect to specialized services, Plaintiffs assert that the State maintains some de facto policy based on the State's denial of reimbursement for specialized services in two cases. Without even attempting to resolve these two individual cases through administrative channels or demonstrating that administrative procedures do not provide adequate remedies, Plaintiffs appeal to this Court to respond by issuing a blanket order to the State to provide reimbursements for "specialized services" whenever a child's Individualized Family Service Plan team deems those services appropriate. See Heldman v. Sobol, 962 F.2d 148, 158 (7th Cir. 1992) (claimant must exhaust administrative remedies in actions under IDEA unless can demonstrate that administrative procedures do not provide adequate remedies). However, it is not the province of the Court to step in and fashion State policies in response to alleged invalid decisions in individual cases. Board of Education v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). Moreover, Plaintiffs' counsel's

attempts to decree particular results in particular cases is clearly overreaching and intrusive and is not the intendment of the procedure put in place by the Court.

Plaintiffs' counsel desires the Court to require the State to provide an ideal system in which the State offers infants and toddlers the very best treatments for their handicaps. However, drawing on the more developed body of caselaw addressing part B of the IDEA, it seems that a state would comply with the requirements of Part C by following the procedures of the IDEA and developing a system that is reasonably calculated to enable the infant or toddler to receive developmental benefits. See Adams v. State of Oregon, 195 F.3d 1141, 1149 (9th Cir. 1999) (appropriate early intervention program "does not mean the absolutely best or potential maximizing" services for the child"; states only obligated to provide basic floor of opportunity individually designed to provide developmental benefit to infant or toddler with a disability); Wagner v. Short, 63 F. Supp.2d 672, 677 (D. Md. 1999) (standard for Part B cases provides much guidance for Part C); compare Board of Education of Murphysboro v. Illinois State Board of Education, 41 F.3d 1162, 1166 (7th Cir. 1994) (discussing compliance under Part B). After a court determines that the State has substantially complied with the requirements of Part C, the court

need not remain to cheerlead or force the state into providing an optimum level of benefits. Thus, the Court denies Plaintiffs' motion to enforce the Order.

The lengthy period of monitoring the State's performance under the Court's decree, along with the periodic reports of the court-appointed monitor and the accumulated submissions of the parties supports the conclusion that the State has substantially complied with the terms of the decree. It is the Court's view that continued monitoring is no longer productive or necessary. As the Court has determined that the State has reached substantial compliance, the Court will not continue its monitoring so as to entangle itself in the shaping of educational policy by becoming involved in the State's daily workings and educational decisions. The Supreme Court has emphasized a court's ability to fashion a remedy under the IDEA should not be read as "an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Rowley, 458 U.S. at 206, 102 S.Ct. at 3051; accord Monticello School District No. 25 v. George L., 102 F.3d 895, 901 (7th Cir. 1996). Thus, the Court hereby terminates its State monitoring. The federal government has primary responsibility over the program and oversight authority, and that is sufficient at this time.

The court wishes to take this public opportunity to thank Ms. Sharon Walsh for her invaluable assistance as its monitor. Without her presence and involvement, it is doubtful if the present level of the state's compliance with the decree would have been achieved. The Illinois toddlers who have and will benefit from Ms. Walsh's contributions are deeply in her debt. Likewise indebted are the state officials who have been counseled and led by her gentle hand. Needless to say, so is this judge.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiffs' motion and hereby terminates the Court's supervision in this matter.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: March 15, 2000